UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALAH BAZZI, an individual,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY, a public university; Doctor CHRISTOPHER STEFFES, MD, in his official capacity, and Doctor RICHARD BAKER, MD, in his official capacity as CHAIR OF THE PROMOTIONS COMMITTEE; jointly and severally,

    Defendants.

Case No. 3:21-cv-10642-RHC-EAS

Hon. Robert H. Cleland
Mag. Elizabeth A. Stafford

_____/

## **STIPULATED PROTECTIVE ORDER**

The parties recognize that during the course of this litigation information may be sought regarding individuals who are or were students at defendant Wayne State University or at other institutions, and who are not parties to this litigation, including but not limited to information which may be protected education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (popularly known as "FERPA"). FERPA is a federal law that protects the privacy of student education records. It applies to all schools that receive funds under an

application program of the U.S. Dept of Education. The right belongs to the student; not the University. Therefore, unless an exception applies, education records regarding other students, which Plaintiff is seeking in this case, cannot be produced by Defendants without the consent of the student. In this case, the only exception that would apply is a court order.

Even where there is a court order, Defendant Wayne State is obligated to first make a "reasonable effort to notify the student of the order in advance of compliance so that the student may seek a protective action." 34 C.F.R. § 99.31(a)(9)(ii).

It is Defendants' intention in this case to comply with Plaintiff's relevant discovery requests for education records concerning other students by redacting the names and any identifying information regarding the student – unless and until the Court orders otherwise. If the Court does so order Defendants to produce the records without redaction, then Defendant must, under FERPA, give notice to each student before complying.

Further, regardless of whether or not there is any identifying information regarding the student, all student records, even with redactions, are subject to this Protective Order.

All such records, are hereafter collectively referred to as "confidential student records" whether or not specifically so designated as such on the face of the

documents. This Order is intended to govern the use of such confidential student records if they are obtained, regardless of the source from which obtained.

For purposes of this Order, "confidential student records" includes those files, documents, information, discovery responses and other materials – regardless of its form or format and regardless of the source from which obtained – which contain information regarding an individual who was or is a student at an institution of higher education and who is not a party to this litigation, and which are maintained by an educational agency or institution or by a person acting for such agency or institution.

The parties also stipulate to a "claw back" provision for any inadvertent disclosure of attorney-client, work product, or trial preparation material.

In accordance with the stipulation of the parties, **IT IS ORDERED** as follows:

**1. NON-PARTY STUDENT EDUCATION RECORDS**

Except as provided in this Order, no confidential student records regarding a non-party obtained from any source, or the information contained therein, shall be disclosed or used by any party or for any purpose other than prosecution of this case, without the non-party individual's explicit written consent.

The parties, and non-parties who are provided with this Order and agree to be bound by its terms, may use (see provisions below), disclose and/or maintain a

confidential student record in response to a valid subpoena, discovery request or other lawful process;

The parties and others to whom this Order apply agree not to use or disclose any confidential student records or the information contained therein, except for the prosecution or defense of this lawsuit;

The parties and other to whom this Order apply are permitted to use the confidential student records and the information contained therein in a manner that is reasonably connected to the prosecution or defense of this lawsuit, including disclosures to the parties and opposing party(s), to a party's attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process, and as provided in this Order.

In order to maintain confidentiality of the confidential student records, before any such confidential student record or the information contained therein which is obtained by a party is disclosed by that party to anyone other than the parties to this litigation or their attorneys or employees, those persons to whom such further disclosure is to be made shall first be provided by the disclosing party with a complete copy of this Order and the disclosing party shall obtain from those persons to whom disclosure is being made a signed Acknowledgment to be bound by this

Order, which will be provided to counsel for the opposing party upon request. Such signed Acknowledgment is not required for disclosure to the Court or its personnel, court reporters or jury in this matter.

If a party intends to file or disclose a confidential student record or the information contained therein in any public filing in any way that would disclose the individual's name, address, e-mail address, telephone number or be otherwise personally identifiable with that individual, the party intending to file will give the other party(s) not less than ten (10) business days advance notice of such intention, including identification of the confidential student record or information intended to be filed or disclosed. If there is a disagreement regarding such intended filing and a Motion is filed within the ten business day period seeking further protection, no disclosure in the intended filing can be made until resolution of the pending motion seeking further protection, or as otherwise directed by the Court.

The parties agree that within 30 days of the termination of this matter, whether by issuance of a final order, the extinguishment of all appeals or otherwise, all parties (and any others to whom that party has made disclosure) shall destroy any confidential student records (including all copies) obtained, and any notes, computer files or other records of any sort containing any confidential student record information or return such records to the covered entity from which it obtained the

records, and shall provide written confirmation of compliance with this provision to counsel for the opposing party(s).

Nothing in this Order or the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential student record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery request, constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the discoverability or admissibility of any document or information.

2. **INADVERTENT DISCLOSURE**

The production of attorney-client privilege materials, work product protected materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of production or disclosure of such protected information, the parties will follow the procedure set out in Rule 26(b)(5). Further, any review undertaken by the producing party for privilege, work product, or trial preparation undertaken by producing parties is deemed to satisfy all the reasonableness requirements of Federal Rule of Evidence 502(b).

Dated; March 14, 2022

                                                                          _s/Robert H. Cleland_
                                                                         United States District Court Judge

I STIPULATE TO THE ENTRY OF
THE ABOVE ORDER:

| | |
|---|---|
| /s/Nabih H. Ayad | /s/Brett J. Miller |
| AYAD LAW, PLLC | Brett J. Miller (P68612) |
| Nabih H. Ayad (P59518) | Blake C. Padget (P82978) |
| William D. Savage (P82146) | 150 W. Jefferson Avenue, Suite 100 |
| 645 Griswold St., Suite 2202 | Detroit, MI 48226 |
| Detroit, MI 48226 | 313.225.5316 |
| 313.986.4600/Fax: 313.983.4665 | millerbr@butzel.com |
| filing@ayadlawpllc.com | padget@butzel.com |
| Attorney for Plaintiff | Attorney for Defendant |

Dated: March 14, 2021

**ACKNOWLEDGEMENT OF READING
AND AGREEMENT TO BE
<u>BOUND BY PROTECTIVE ORDER</u>**

1. My full name is _____.

2. My address is _____

_____

_____

3. My present employer is _____

_____

4. My present occupation or job description is _____

_____

5. I have received a copy of the FERPA Protective Order in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential materials disclosed to me.

7. I will return all Confidential materials and all copies which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
(Signature)

Dated:_____

2271559