**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SALAH BAZZI,

               Plaintiff,

v.                                          Case No. 21-cv-10642

WAYNE STATE UNIVERSITY, et al.,

               Defendants.

_____/

**OPINION AND ORDER RESOLVING ORDER TO SHOW CAUSE REGARDING
AWARD UNDER 42 U.S.C. § 1988(b)**

On January 3, 2023, the court issued an opinion and order granting summary

judgment to Defendants Wayne State University, Dr. Christopher Steffes, M.D., and Dr.

Richard Baker, M.D., on all fourteen of Plaintiff Salah Bazzi's then-pending federal and

state law claims. (ECF No. 37.) That opinion left a single issue for resolution: whether

Defendants, as the prevailing party, were entitled a reasonable attorney fee award

under 42 U.S.C. § 1988.[1] (Id. at PageID.1662–66.) The court accordingly order Plaintiff

to show cause through a filed memorandum as to why Defendants should not be

awarded reasonable attorney fees and costs under 42 U.S.C. § 1988(b). (Id. at

PageID.1666.) Plaintiff complied on January 24, 2023. (ECF No. 38.) Defendants were

---

[1] In their summary judgment motion, Defendants sought an award of attorney fees and
costs, arguing that Plaintiff's action was frivolous, unreasonable, and without foundation.
(ECF No. 28, PageID.806.) In his response, Plaintiff neglected to directly address
Defendants' request. Instead of deeming that failure a concession, *Fed. Nat'l Mortg.
Ass'n v. River Houze, LLC*, -- F. Supp. 3d --, 2022 WL 989459, at *6 (E.D. Mich. 2022)
(Drain, J.), *Humphrey v. U.S. Att'y Gen.'s Office*, 279 Fed. App'x 328, 331 (6th Cir.
2008), the court presumed Plaintiff would oppose such an award and resolved to afford
him another opportunity to fully respond. (ECF No. 37, PageID.1662–65.)

permitted to file a responsive memorandum. (ECF No. 37, PageID.1666.) They did so on February 14, 2023. (ECF No. 41.)

As acknowledged by both parties, an award of reasonable attorney fees and costs to the prevailing party in an action involving 42 U.S.C. § 1983 and Title VI claims is a matter of judicial discretion. 42 U.S.C. § 1988(b). However, where, as here, the prevailing party is a defendant, such an award is only rendered in truly egregious cases of misconduct when the underlying action is frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001); *Fox v. Vice*, 563 U.S. 826, 836 (2011); *Christiansburg Garment Co. v. Equal Employ't Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

"[T]he relevant purpose of § 1988 is to relieve defendants of the burdens associated with fending off frivolous litigation," *Fox*, 563 U.S. at 836, while also "enabl[ing] civil rights plaintiffs to employ reasonably competent lawyers without cost to themselves." *Venegas v. Mitchell*, 495 U.S. 82, 83 (1990). When determining whether a plaintiff's action is frivolous, the Supreme Court cautions as follows:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.*, 434 U.S. at 421–22. As such, when considering the frivolity of an action, courts review whether the issues raised are those of first

impression requiring judicial resolution, whether the controversy is based upon a real

threat of injury to the plaintiff, and the record itself. *Garner v. Cuyahoga Cty. Juv. Ct.*,

554 F.3d 624, 636 (6th Cir. 2009).

In its prior opinion, the court set forth various concerns regarding the apparent

frivolity of Plaintiff's action:

> While the court appreciates that substantial pecuniary and reputational
> stakes likely motivated Plaintiff's filing, it is nevertheless initially inclined to
> agree with Defendants that Plaintiff's suit lacks merit for reasons
> thoroughly discussed in the court's substantive analysis. To begin with,
> nine of Plaintiff's fourteen claims were barred by sovereign immunity.
> Further, none of the issues presented to the court in the other five claims
> were novel. Rather the due process owed to a student facing dismissal
> and the type of evidence needed for a *prima facie* case of discrimination
> are clearly established. Perhaps more importantly, the court would be
> remiss if it did not note its serious concerns with Plaintiff's ability to tell the
> truth. The record clearly reflects Plaintiff's near-constant
> mischaracterization of reality when confronted with the consequences of
> his unprofessionalism as well as his tendency to blame everyone and
> everything else instead of his own actions when so cornered. Plaintiff's
> suit is an example of this. By inaccurately hyper-focusing on his October
> 2018 OB/GYN rotation and his missed February 2020 ER Ultrasound as
> the sole reasons for his dismissal, Plaintiff's Complaint distorts what
> record actually informed Defendants' dismissal of him, namely an entire
> academic record with near constant professionalism issues. Plaintiff
> further does not deny any of his other, numerous professionalism issues,
> ignoring them entirely in his response. Additionally, without a shred of
> evidence beyond his simple belief that he was discriminated against,
> Plaintiff launches incredibly serious allegations that he was dismissed
> because of his Lebanese, Muslim profile.

(ECF No. 37, PageID.1663–64) (footnote omitted).

Plaintiff has now addressed these concerns. With respect to the viability of the

nine state law claims barred by Defendants' sovereign and/or qualified immunity

defense, Plaintiff emphasizes that the claims themselves were not frivolous or

unreasonable nor adjudicated as such. (ECF No. 38, PageID.1681.) He contends that

he took the cogent albeit ultimately unsuccessful position that Defendants waived their

sovereign immunity affirmative defense. (Id. at PageID.1682.) He further addresses the case law relied upon by the court in finding otherwise, namely *Brent v. Wayne Cty. Dep't of Hum. Servs.*, 901 F.3d 656, 682 (6th Cir. 2018) (citing *Boler v. Earley*, 865 F.3d 391, 410–11 (6th Cir. 2017)), intimating that he should not be sanctioned because the "prolific and well[-]respected civil rights attorneys" that initially advanced the waiver argument in *Boler* were not sanctioned. (Id. at PageID.1682–84.) Defendants counter that Plaintiff knew or should have known that his state law claims were barred by sovereign immunity. (ECF No. 41, PageID.1703.) In support, Defendants point to the fact that they raised sovereign immunity affirmatively in both their answer (ECF No. 5, PageID.120) and joint discovery plan (ECF No. 10, PageID.140). (ECF No. 41, PageID.1700–01.) They further suggest that Plaintiff's waiver argument is "ex post facto," as his counsel did not raise the issue when Defendants sought concurrence with respect to their summary judgment motion and mentioned it only "in a brief conclusory argument" as part of his summary judgment response. (Id. at PageID.1701.) Defendants also present case law, exemplifying Defendant Wayne State University's routine reliance on the defense of sovereign immunity since 1987. (Id. at PageID.1701–02.)

While Plaintiff's explanation is thin at best, the court does not find an attorney fee warranted for the claims related to sovereign immunity. The Supreme Court has acknowledged that "[a] plaintiff's claim may be frivolous, unreasonable, or groundless if the claim is barred by state sovereign immunity or is moot." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 433–34 (2016). However, the Supreme Court suggests that a fee award is appropriate in such cases because "significant attorney time and expenditure may have gone into contesting the claim." *Id.* at 434. Defendants do not

indicate that they dedicated such time in this case. Rather, they asserted sovereign immunity as a defense to Plaintiff's nine state law claims in their first case filing (ECF No. 5, PageID.120) and only a page or so was dedicated to presenting the defense in their summary judgment motion (ECF No. 28, PageID.789–90.) Mindful that circumstances supporting a defendant fee award need to be egregious, the court does not find an award warranted here.

With respect to the procedural due process claims, Plaintiff focuses on the "last chance" nature of the opportunity Defendants afforded him to complete medical school, asserting that "[i]t could not be revoked based on portions of Plaintiff's 'entire academic record' which were already known to Defendants prior to the enactment between the parties of the so-called 'last chance.'" (ECF No. 38, PageID.1674.) Plaintiff insists that fresh due process was required to effectuate his dismissal, especially given the arbitrary circumstances surrounding his failure to complete all necessary graduation requirements, namely, Defendants unwillingness to give him credit for his missed ER Ultrasound course when the proctor was willing to work with Plaintiff. (Id. at PageID.1673–74.) Defendants counter that it is disingenuous of Plaintiff to characterize the Promotions Committee's decision to offer him a last chance as inappropriate as the alternative was outrightly dismissing him—that is, the Professionalism Committee's recommendation. (ECF No. 41, PAgeID.1698–99.) They further emphasize that the last chance decision is in fact an example of due process working in Plaintiff's favor. (Id.) Moreover, because Plaintiff could have challenged the alleged inappropriateness of the last chance letter through an appeal process and chose not to, Defendants contend he cannot now claim a denial of due process. (Id. at PageID.1699.) They also highlight that

Plaintiff did in fact receive additional due process despite the strict parameters of the last chance letter, including another appearance before the Promotions Committee and an opportunity to appeal his dismissal. (Id.)

Though unpersuasive, Plaintiff's position with respect to additional due process being owed to him does not amount to egregious frivolity. The terms of the last chance letter were abundantly clear. But Plaintiff had received the benefit of Defendants' grace at every prior crossroads. Given this history, Plaintiff's willingness to file suit is more understandable.

Addressing the ultimate failure of his equal protection and discrimination claims, Plaintiff asserts that Defendants incurred little to no litigation costs as a result of his discrimination causes of action because Defendants produced discovery to which Plaintiff would have been entitled anyway. (ECF No. 38, PageID.1677–79.) He argues that, right or wrong, he "is entitled to believe that he was discriminated against, especially considering the extreme circumstances (being dismissed directly before graduation) and the novel nature of Plaintiff's case (having been the only student subject to a 'last chance' letter)." (Id. at PageID.1679.) The "big picture"—that is, being "a Lebanese Muslim, military-man . . . dismissed with approximately two weeks left in his schooling)"—in Plaintiff's opinion gave his claims "the necessary ring of plausibility to entitle him to bring suit, conduct discovery, and have his case dismissed if he cannot meet his evidentiary burdens." (Id. at PageID.1680.) Defendants essentially respond that Plaintiff's claims were based on "rank speculation" at best and further untruthfulness at worst. (ECF No. 41, PageID.1704.) In either case, Defendants maintain that they are entitled to an attorney fee award, especially where Plaintiff

himself admitted that he would have voted to dismiss himself if he were in the Promotions Committee's shoes. (Id. at PageID.1706–07.)

Plaintiff effectively pleads for leniency from the court because he truly believed he was being discriminated against. In his mind, a mere three weeks stood between him and his degree when news of his dismissal hit. The court has already voiced its skepticism about Plaintiff's grasp on reality. However, perhaps greater consideration could be given to the pecuniary and reputational stakes driving Plaintiff's lawsuit. In contemplating what would amount to an "egregious" case justifying the extreme sanction of attorney fees, the court does not find Plaintiff's suit qualifying. Indeed, Black's Law Dictionary conjures the image of something "[e]xtremely or remarkably bad." *Egregious*, BLACK'S LAW DICTIONARY (11th ed. 2019). Something "flagrant." *Id.* A lack of evidence certainly punctuates Plaintiff's case, but the suit itself is not particularly offensive. Though not endorsing Plaintiff's action, the court can understand why someone in Plaintiff's position would take any available course of action to reverse his expulsion. He has suffered enough. This decision is further informed by the Supreme Court's warning against "the understandable temptation to engage in post hoc reasoning" and the chilling effect fee awards can have on civil rights litigation generally. *Christiansburg Garment Co.*, 434 U.S. at 421–22. Attorney fees and costs, therefore, will not be awarded.

Accordingly, IT IS ORDERED that the court's order to show cause contained in

ECF No. 37 is RESOLVED such that Defendants' Motion for Summary Judgment (ECF

No. 28) is DENIED IN PART solely as to the request for attorney fees and costs under

42 U.S.C. § 1988(b).

s/Robert H. Cleland                                   /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 12, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, September 12, 2023, by electronic and/or ordinary mail.

s/Kim Grimes                                   /
Deputy Clerk

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\21-10642.BAZZI.ShowCauseResolution.EKL.RHC.docx